FILED
2013 Aug-16 AM 11:26
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **ODESSA H. LOWE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CASE NO.:** |
| | ) | |
| **THE UNITED STATES OF AMERICA, et al.,** | ) | **2:13-cv-01488-UNAS-VEH** |
| | ) | |
| Defendants. | ) | |

### ORDER GRANTING *IN FORMA PAUPERIS* PETITION
### AND MEMORANDUM OPINION DISMISSING CASE

This case comes before the court on the plaintiff's Application to Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915, and documents in support thereof. (Doc. 3). Upon due consideration, the motion is **GRANTED**. This action may proceed without the prepayment of costs.

Title 28 U.S.C. § 1915 states that "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(1)(ii), (iii) (emphasis added).

Upon review of the filings in this matter, the plaintiff is clear that she is "attempting to relitigate the civil forfeiture/consent decree from the February 5, 2009

Judgment and order of forfeiture" in *The United States of America v. Land at 5751 Heritage Park Lane, McCalla, Alabama, et al.*, CV-06-RDP-1041-S. (Doc. 3 at 1). She also states that she has "once appealed that case," and has "paid the filing fee for that appeal." (Doc. 3 at 1). Such collateral attacks, "especially in civil cases, [are] disfavored because of the social interest in expedition and finality in litigation." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800-01 (7th Cir. 2000).

The court takes judicial notice of the filings in CV-06-RDP-1041-S, and notes that, on February 3, 2009, the parties reached a settlement of that matter, and filed a joint stipulation of dismissal. (Doc. 90, in CV-06-RDP-1041-S). A final judgment was rendered in that matter on February 5, 2009. (Doc. 92, in CV-06-RDP-1041-S). On November 28, 2011, the matter was appealed to the Eleventh Circuit Court of Appeals. (Doc. 104, in CV-06-RDP-1041-S). The Eleventh Circuit affirmed the district court on December 7, 2012. (Doc. 108, in CV-06-RDP-1041-S). The plaintiff cannot collaterally attack that judgment here by "relitigating" that prior case. Further, the doctrine of *res judicata* bars the relitigation of claims, and collateral estoppel precludes the relitigation of issues that have already been litigated and resolved in that prior case. *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998).

For these reasons, the court determines that the plaintiff can state no claim upon which relief may be granted. Accordingly, pursuant to 28 U.S.C. § 1915(e)(1), this matter will be **DISMISSED**, with prejudice.

**DONE** this 16th day of August, 2013.

                                            **VIRGINIA EMERSON HOPKINS**
                                            United States District Judge